FOR
DISTRICT WYOMING

FILED PM 4:55

CLERK
U.S. DISTRICT COURT

Michele K. McKellar
Boley & McKellar, P.C.
P.O. Box 748
702 Randall Avenue
Cheyenne, Wyoming 82003-0748
(307) 637-5575
(307) 637-5515 (fax)
ATTORNEY FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

ANGELA KLEHR

     Plaintiff,

v.

DOUGLAS VOSS,
RICHARD J. NELSON, and
GREAT LAKES AVIATION, LTD.,
an Iowa corporation,

    Defendant.

Case Number: **03 CV 105 D**

---

## COMPLAINT AND JURY DEMAND

---

Angela Klehr, by and through her attorney, Michele K. McKellar, Boley & McKellar, P.C.,

brings her Complaint and Jury Demand against Defendants Douglas Voss, Richard J. Nelson, and

Great Lakes Aviation, Ltd., in which she alleges as follows:

Receipt # 300543
Summons: ✓ issued
     not issued

1

## INTRODUCTION

1.      This suit seeks recovery in damages for sexual harassment, sexual discrimination and

retaliation suffered by Plaintiff while she was employed with Defendant Great Lakes Aviation, Ltd.

and as a result of her unlawful discharge from employment with Defendant Great Lakes Aviation,

Ltd. in Cheyenne, Wyoming.

## PARTIES

2.      Plaintiff Angela Klehr is a female citizen of the United States and the State of

Kentucky who currently resides in Pewee Valley, Kentucky.

3.      Defendant Douglas Voss (hereinafter "Voss") is a male citizen of the United States

and is believed to be a resident of the State of Wyoming, residing in Cheyenne, Wyoming.  At all

times relevant hereto, Defendant Voss conducted business in the State of Wyoming as the President

and Chief Executive Officer of Defendant Great Lakes Aviation, Ltd..

4.      Defendant Richard J. Nelson (hereinafter "Nelson") is a male citizen of the United

States and is believed to be a resident of the State of Wyoming, residing in Cheyenne, Wyoming.

At all times relevant hereto, Defendant Nelson conducted business in the State of Wyoming as the

Chief Operating Officer of Defendant Great Lakes Aviation, Ltd..

5.      Defendant Great Lakes Aviation, Ltd. (hereinafter "GLA"), is an Iowa corporation

with its principal place of business at 1022 Airport Parkway, Cheyenne, Wyoming 82001.  At all

times relevant hereto, GLA was registered to do business in the State of Wyoming and was doing

business in the State of Wyoming. Defendant GLA has an agent to accept service of process located

in the State of Wyoming which is CT Corporation, located at 1720 Carey Avenue, Suite 200,

Cheyenne, Wyoming 82001.

### JURISDICTION AND VENUE

6.      This Court has jurisdiction to hear and to resolve this Complaint by virtue of Sections

701, 703 and 706 et seq. of Title VII, 42 U.S.C. § 2000e, 2000e-2(a)(1), 2000e-5(f), and 28 U.S.C.

§§ 1331 and 1343(a)(4).

7.      At all times relevant hereto, **Defendants GLA, Douglas Voss and Richard J. Nelson**

qualified as an "employer" under Section 701(b) of Title VII of the Civil Rights Act of 1964

(hereinafter "Title VII"), 42 U.S.C. § 2000e(b), and are thus covered by and subject to the

requirements of Title VII.

8.      At all times relevant hereto, **Plaintiff** qualified as an "employee" under Section

701(f)(3) of Title VII, 42 U.S.C. § 2000e(f).

9.      Plaintiff has satisfied all the jurisdictional prerequisites to action under Title VII of

the Civil Rights Act of 1964, as follows:

a.      Plaintiff filed a timely formal charge of discrimination with the Wyoming Fair

Employment Program in Cheyenne, Wyoming, and with the Equal Employment Opportunity

Commission (hereinafter "EEOC").

3

b.      Plaintiff received a "Notice of Right to Sue" from the EEOC; and

c.      Plaintiff has timely filed this action within ninety (90) days of receipt of the "Notice of Right to Sue", a copy of which is attached hereto as Exhibit "1".

10.    Venue of this action is appropriate in this Court by virtue of 28 U.S.C. § 1391(b) and (c) in that Plaintiff was working and residing in the State of Wyoming at the time of the illegal treatment, a substantial part of the events giving rise to the claim occurred in Wyoming, and Defendants Douglas Voss, Richard Nelson and GLA may be found in Wyoming.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Sexual Harassment and Discrimination Under Title VII)

11.    Plaintiff incorporates the allegations of Paragraphs 1 through 10 above, and further alleges as her first cause of action against all Defendants as follows:

12.    Plaintiff is a member of a protected class, female.

13.    At all times relevant hereto, Defendant GLA employed approximately 1400 employees.

14.    Plaintiff was initially hired by Defendant GLA in 1994 as a Station Agent. Later that year she became a Fight Attendant.

15.    Effective April 1996, Plaintiff was promoted to the position of Director of Inflight Services. She later became Chief Flight Attendant.

16.    Effective December 23, 1997, Plaintiff was promoted to Director of Safety. Plaintiff was promised a pay raise commensurate with her promotion.

4

17.     After Plaintiff was promoted to Director of Safety, she learned she was pregnant with her first child.

18.     Plaintiff's first child was born on September 2, 1998.

19.     Defendant Voss, to whom she reported directly, learned of her pregnancy and began a course of harassment and discrimination that continued up to and including her termination from employment on September 20, 2001.

20.     At all times relevant hereto, Defendant Voss, as President and Chief Executive Officer, exercised significant control over Plaintiff's hiring, firing, or conditions of employment.

21.     Defendant Voss refused to timely give Plaintiff the raise she had been promised.

22.     Plaintiff complained to Defendant GLA's management and was eventually given a raise in October, 2000, almost three years later.

23.     Following her first pregnancy, and continuing up to and including her unlawful termination from employment, Plaintiff received no further promotions or pay raises even though her job performance was exemplary.

24.     Plaintiff became pregnant with her second child in 2000.  Her second child was born on April 17, 2001.

25.     During her second pregnancy, and continuing up to and including her unlawful termination from employment, Plaintiff was subjected to numerous and ongoing unwelcome and unsolicited comments regarding her pregnancy by Defendant Nelson

26.     Plaintiff was told she should "be at home"; that she was "jeopardizing your [her] baby's health by working"; and that "this job [Director of Safety] is really not for a working mother".

27.     Beginning in February 1999, and continuing until her termination, Plaintiff made informal and formal complaints to the Human Resources Manager, pursuant to Defendant GLA's employee handbook, regarding the unlawful treatment, but no action was taken and the harassment did not stop.

28.     Defendants Voss and Nelson stripped Plaintiff of many of her responsibilities as the Director of Safety beginning in March 2001.

29.     Defendants Voss and Nelson created such intolerable working conditions for Plaintiff resulting in a hostile work environment.

30.     At all times relevant hereto, Plaintiff was an exemplary employee and performed her duties in a satisfactory and acceptable manner. The manner in which she performed her duties and the quality of her performance did not materially change after she became pregnant with her first child through and including the birth of her second child and through the date of her unlawful termination.

31.     Defendants Voss and Nelson fired Plaintiff on September 20, 2001.

32.     The Director of Safety is a Federal Aviation Administration ("FAA") required position for every airline.

33.     The Director of Safety position is not a position that can be eliminated or subject to

6

layoff or a reduction in force.

34.     Defendant Voss hired a male to replace Plaintiff in violation of Title VII.

35.     Defendant GLA is responsible and liable as an employer for the actions of Defendants Voss and Nelson toward the Plaintiff for one or more of the following:

a.     Defendant Douglass Voss was an executive of GLA with real and apparent authority to make personnel decisions. He is thus an "employer" within the meaning of Section 701 and Section 703 of Title VII, 42 U.S.C. § 200e and 2000e-2.

b.     Defendant Nelson was an executive of GLA with real and apparent authority to make personnel decisions. He is thus an "employer" within the meaning of Section 701 and Section 703 of Title VII, 42 U.S.C. § 200e and 2000e-2.

c.     Defendant Voss was Defendant Nelson's direct supervisor. Defendant Voss was aware of or should have been aware of Defendant Nelson's conduct toward Plaintiff and other female employees.

d.     With this knowledge, Defendant GLA failed to take prompt and effective remedial action to prohibit the misconduct of Defendant Nelson. By this failure, Defendant GLA accepted and ratified the actions of Defendant Nelson toward Plaintiff.

e.     Defendant GLA failed to establish and enforce a policy regarding harassment and similar misconduct or failed to provide any effective method by which such harassment and misconduct could be remedied and by such action authorized and ratified Defendant

7

Nelson's conduct toward Plaintiff.

36.     Defendant Douglas Voss is responsible and liable as an employer for his actions and the actions of Defendant Nelson toward the Plaintiff for one of the more of the following reasons:

a.      As a direct supervisor of Defendant Nelson, he was aware of or should have been aware of Defendant Nelson's conduct toward Plaintiff and other female employees. With this knowledge, Defendant Voss failed to take prompt and effective remedial action to prohibit the misconduct of Defendant Nelson.  By this failure, he accepted and ratified the actions of Defendant Nelson toward Plaintiff.

b.      Defendant Douglas Voss failed to establish or enforce a policy regarding harassment, discrimination and similar misconduct or failed to provide any effective method by which such harassment, discrimination and misconduct could be remedied and by such action authorized and ratified Defendant Nelson's conduct toward Plaintiff.

37.     As a result of the above actions, Plaintiff suffered damages in the form of lost back pay, front pay, liquidated damages, lost fringe benefits, emotional distress, and other damages.

## SECOND CAUSE OF ACTION AGAINST VOSS
### (Sexual Discrimination Under Title VII)

38.     Plaintiff hereby incorporates paragraphs 1 through 37 as fully set forth above.

39.     On numerous occasions prior to September, 2001, Defendant Voss made derogatory comments to certain management personnel concerning Plaintiff being pregnant and taking maternity leave.

8

40.     Beginning in January 1998, Defendant Voss intentionally embarked on a course of conduct to harass and discriminate against Plaintiff on the basis of her pregnancies and use of maternity leave.

41.     Defendant Voss knew or should have known that his actions were in violation of Title VII.

42.     Defendant Voss insisted that Plaintiff be discharged upon her return to her regular schedule from maternity leave.

43.     Other management personnel protested Defendant Voss's decision to fire Plaintiff, citing her excellent job performance.

44.     Defendant Voss based his decision to terminate Plaintiff on her sex and her pregnancy in violation of Title VII.

45.     Defendant Voss knew of the prohibitions against sexual discrimination, but disregarded those prohibitions. Defendant Voss acted with malice or reckless indifference to Plaintiff's federally protected rights.

46.     Prior to Plaintiff's termination in September 2001, Defendant unlawfully discharged at least one other female employee due to pregnancy in violation of Title VII.

47.     In January 2002, Defendant Voss unlawfully discharged at least one other female employee upon her return from maternity leave in violation of Title VII.

48.     Defendant Voss has engaged in a pattern of intentional sexual harassment and

9

discrimination by discharging Plaintiff and other women similarly situated upon their return from maternity leave or during the term of their pregnancies in violation of Title VII.

49.    As a result of the above actions, Plaintiff suffered damages in the form of lost back pay, front pay, liquidated damages, lost fringe benefits, emotional distress, and other damages.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Punitive Damages)

50.    Plaintiff hereby incorporates paragraphs 1 through 49 as fully set forth herein.

51.    Defendants Voss, Nelson and GLA acted with malice or reckless indifference to Plaintiff's federally protected rights, making an award of punitive damages appropriate.

52.    Defendants Voss, Nelson and GLA can be liable for punitive damages for the following reasons:

a.    Defendant Voss was the President and Chief Executive Officer of GLA and was acting in the scope of his employment when he willfully and intentionally ordered Plaintiff to be discharged on the basis of her sex/pregnancy;

b.    Defendant Voss engaged in a pattern of intentional sex discrimination by discharging Plaintiff and other women similarly situated upon their return from maternity leave or during their pregnancies in violation of Title VII;

c.    Defendant Voss failed to stop the discriminatory conduct when confronted;

d.    Defendant Nelson was the Chief Operating Officer of GLA and was acting in the scope of his employment when he willfully and intentionally harassed Plaintiff and

10

ordered her to be discharged on the basis of her sex/pregnancy;

e.     Defendant Nelson engaged in a pattern of intentional sexual harassment and discrimination by discharging Plaintiff upon her return from maternity leave; and

f.     Defendant Nelson failed to stop the discriminatory conduct when confronted.

53.     Defendant Voss and GLA can be liable for punitive damages for the following reasons:

a.     Defendant Nelson was unfit and Defendants Voss and GLA were reckless in employing him.

b.     Defendant Nelson was employed in a managerial capacity under the direct supervision of Defendant Voss and was acting in the scope of employment when he caused or allowed Plaintiff to be sexually harassed.

c.     Defendant Voss and GLA ratified or approved Defendant Nelson's sexual harassment and discrimination of Plaintiff by failing to stop that harassment and discrimination when informed of it.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## (42 U.S.C. § 1981a)

54.     Plaintiff hereby incorporates paragraphs 1 through 53 as fully set forth herein.

55.     Plaintiff is not a racial minority; therefore Section 101 of Title I, 42 U.S.C. § 1981 is not applicable.

56.     Plaintiff is entitled to recover compensatory and punitive damages pursuant to Section

11

102 of Title I, 42 U.S.C. § 1981a(1) as a result of Defendants Voss's, Nelson's and GLA's unlawful intentional discrimination in violation of Title VII.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS VOSS AND NELSON
### (Retaliation)

57.     Plaintiff hereby incorporates paragraphs 1 through 56 as fully set forth herein.

58.     During the course of her employment, Plaintiff contacted the Wyoming Department of Labor regarding company violations of the fair labor standards, including sexual harassment and discrimination.

59.     During the course of her employment as Director of Safety, Plaintiff was mandated to notify the FAA; Department of Defense; and United Airlines, GLA's code share airline, of GLA's violation of certain Federal Aviation Regulations.

60.     As Director of Safety, Plaintiff was also required to report Employee Safety violations to OSHA.  Defendants Voss and Nelson refused to comply with certain safety standards set by OSHA.

61.     Defendants retaliated against Plaintiff for her lawful actions by firing her without cause and in violation of her federally protected rights, including Title VII, 42 § 2000e-3.

62.     As a result of the above actions, Plaintiff suffered damages in the form of lost back pay, front pay, liquidated damages, lost fringe benefits, emotional distress, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court for the following relief:

63.     That the Court declare the actions of the Defendants Voss, Nelson and GLA to be in violation of Title VII of the Civil Rights Act of 1964, based upon Plaintiff's sex.

64.     That Defendants be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits Plaintiff would have received had it not been for Defendants' illegal actions, including, but not limited to, back pay, front pay, liquidated damages, and lost fringe benefits, training, promotions, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date of her discharge until she is tendered substantially equivalent employment with interest, pre and post judgment on the above withheld amounts from the date of discharge to the date of payment.

65.     Plaintiff prays for an award of actual damages for emotional distress and treatment, plus an award to compensate her for the pain and suffering and for the humiliation caused by Defendants' wilful and unlawful treatment of Plaintiff;

66.     Plaintiff prays for an award of punitive damages in an amount believed by the Court to be appropriate to punish Defendants for the willful and malicious misconduct and which is necessary to deter Defendants from engaging in such misconduct in the future.

67.     Plaintiff prays that the Court award Plaintiff her costs and expenses of this action and award Plaintiff's reasonable attorneys fees, including expert witness fees as provided in Section 706(g) and (k) of Title VII, 42 U.S.C. § 2000e-5(g) and (k) and 42 U.S.C. § 1981a(a) and (b); and

68.     Plaintiff prays that the Court grant such additional equitable and legal relief, including

but not limited to reinstatement as is just and proper.

## JURY DEMAND

Plaintiff demands that the above entitled matter and all issues so triable be tried before and decided by a jury.

Dated this 20th day of May, 2003.

ANGELA KLEHR, Plaintiff

Michele K. McKellar
Boley & McKellar, P.C.
P.O. Box 748
702 Randall Avenue
Cheyenne, Wyoming 82003-0748
(307) 637-5575
(307) 637-5515 (fax)

14

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# NOTICE OF RIGHT TO SUE
### (Issued on request)

| To: Angela L. Klehr<br>304 Woodridge Ave.<br>Peewee Valley, KY 40056 | From:<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>303 E. 17TH AVENUE, SUITE 510<br>DENVER, CO 80203 |
|---|---|
| ☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL<br>(29 C.F.R. 1601.7(a)) | |

| Charge Number<br>32KA200045 | EEOC Representative<br>Andrew G. Williams, Enforcement Supervisor | Telephone Number<br>(303) 866-1348 |
|---|---|---|

( See the additional information attached to this form )

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

[X] More than 180 days have expired since the filing of this charge.

[ ] Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete its process unable to complete its process within 180 days from the filing of the charge.

[X] With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge. this charge.

[ ] It has been determined that the Commission will continue to investigate your charge.

[ ] **ADEA:** While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under the may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days** after you received

    [ ] Because EEOC is closing your case, your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. receipt of this notice. Otherwise, your right to sue is lost.

    [ ] EEOC is continuing its investigation. You will be notified when we have completed action and, if appropriate, our notice will include our notice will include notice of right to sue under the ADEA.

[X] **EPA:** While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have the right already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

I certify that this notice was mailed on the date set out below.

        On Behalf of the Commission

02-21-03
_____
(Date Mailed)

        Francisco J. Flores, Jr., District Director

Enclosure:
    Information Sheet

cc: Michelle K. McKellar, Esq.

EEOC Form 161-B (Test 10/94)

## EXHIBIT 1

## FILING SUIT UNDER TITLE VII OF THE CIVIL RIGHTS
## ACT OR THE AMERICANS WITH DISABILITIES ACT

**PRIVATE SUIT RIGHTS:**

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should **keep a record of this date.** Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed **well in advance of the expiration of the 90-day period.**

Your lawsuit must be filed in U.S. District Court. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which U.S. District Court can hear your case, or if you need to inspect and copy information contained in the case file. (Additionally, many EEOC offices can provide you with names of private attorneys who have agreed to consider referrals for private litigation.)

**ATTORNEY REPRESENTATION:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, at its discretion, assist you in obtaining a lawyer. If you plan to ask the U.S. District Court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the U.S. District Court should be made well before the end of the 90-day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period.

**DESTRUCTION OF FILE:**

If you file suit, you or your attorney should forward a copy of your court complaint to the office where you filed your charge within 10 days after you file suit. Your file will be preserved. Generally, EEOC's rules call for your charge file to be destroyed six months from now (one year in the case of charges dismissed for no jurisdiction) unless you have notified us that you have filed suit in U.S. District Court.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

Reverse Side of Form 161-B (Test 10/94)